PER CURIAM.
Approximately 12 years ago, this case against the appellee was concluded through the court’s acceptance of plea negotiations between the appellee, who was the defendant below, and the State of Florida. As a result thereof, the court entered an order withholding adjudication. In addition to withholding adjudication, the order provided that the defendant be sentenced to “credit for time served”, to-wit: three days.
Now, approximately 12 years later, the appellee challenged the above-described sentence, claiming that the sentence was illegal in that it sentenced him to jail time without first either adjudicating him guilty or imposing a sentence of probation with the jail time as a special condition thereof. The trial court agreed with the defendant and granted his motion by ordering that the words “sentence of three days credit time served” contained in the original sentence be changed to “suspend entry of sentence”. It is from this order that the State now appeals.
The record in this case clearly reflects that the original sentence imposed was the result of a plea negotiation in which the defendant participated, agreed to, and got the benefit of. In addition, in view of the fact that the original sentence involved a withholding of adjudication without any probation being imposed, we find that the language contained in the original sentence that purported to give credit for 3 days time served was mere meaningless sur-plusage and constituted a legal nullity.
Accordingly, we agree with the State’s contention that the order under review, which amended the language of the original sentence, was entered in error and must be reversed, thereby reinstating the sentence as imposed in November of 1987, minus the reference to credit for 3 days time served which we now strike from the sentence.
Reversed.